UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN STREZSAK,<br><br>    Plaintiff,<br><br>  v.<br><br>ARDELYX INC., et al.,<br>    Defendants. | Case No. 21-cv-05868-HSG<br><br>**ORDER GRANTING JATIN MALHOTRA'S MOTION RE: CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**<br><br>Re: Dkt. Nos. 32, 40, 43 |
| JEFFREY SIEGEL,<br><br>    Plaintiff,<br><br>  v.<br><br>ARDELYX, INC., et al.,<br>    Defendants. | Case No. 21-cv-06228-HSG |

On July 30, 2021, Plaintiff Steven Strezsak filed a securities class action lawsuit bringing claims individually and on behalf of others who acquired common stock of Ardelyx Inc. ("Ardelyx" or "the Company") during the period between August 6, 2020 and July 19, 2021 and consequently suffered damages. Case No. 21-cv-05868-HSG, Dkt. No. 1 ("Strezsak Compl."). The complaint asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5. *Id.* ¶¶ 43–60. The complaint names the following Defendants: Ardelyx, Inc.; Ardelyx's President and Chief Executive Officer, Mike Raab; and Ardelyx's Chief Financial Officer, Justin Renz. *Id.* ¶¶ 17–19.

On August 12, 2021, Plaintiff Jeffrey Siegel filed a nearly identical complaint alleging the same violations of law for the same date range against the same defendants. Case No. 21-cv-06228-HSG, Dkt. No. 1 ("Siegel Compl.").

Six competing motions to consolidate cases, for appointment as lead plaintiff, and for approval of lead counsel were filed: (1) by Chad Bryant and Richard Bryant ("Bryant Brothers"), seeking approval of Johnston Fistel as lead counsel, (*Strezsak,* Dkt. No. 16; *Siegel*, Dkt. No. 20); (2) by City of Pontiac General Employees' Retirement System ("Pontiac Pension Fund"), seeking approval of Robbins Geller as lead counsel, (*Strezsak*, Dkt. No. 23); (3) by Miami Firefighters' Relief & Pension Fund ("Miami Pension Fund"), seeking approval of Abraham, Fruchter & Twersky as lead counsel, (*Strezsak*, Dkt. No. 32); (4) by Mark Allen, seeking approval of Roche Freedman as lead counsel, (*Strezsak*, Dkt. No. 37); (5) by Peifa Xu, seeking approval of Pomerantz as lead counsel, (*Strezsak*, Dkt. No. 40); and (6) by Jatin Malhotra, seeking approval of Scott+Scott as lead counsel, (*Strezsak*, Dkt. No. 43).[1]  Subsequently, the Pontiac Pension Fund, Mark Allen, and the Bryant Brothers withdrew their motions.  *Strezsak*, Dkt. Nos. 51, 56, 60; *Siegel*, Dkt. No. 29.  The Miami Pension Fund and Peifa Xu filed notices of non-opposition, explaining that they did not appear to have the largest financial interest in the litigation within the meaning of the PSLRA.  *Strezsak*, Dkt. Nos. 52, 55.  On October 19, 2021, Jatin Malhotra filed a brief in further support of his initial motion, representing that his motion is unopposed and thus he is the presumptive lead plaintiff.  *Strezsak*, Dkt. No. 57.  Having carefully considered the relevant filings and authorities, the Court **GRANTS** Jatin Malhotra's motion and **DENIES** all unwithdrawn motions.[2]

## I. BACKGROUND

As alleged in the complaints, Defendant Ardelyx "is a specialized biopharmaceutical company focused on developing first-in-class medicine to improve treatment for people with cardiorenal disease." Strezsak Compl. ¶ 2; Siegel Compl. ¶ 2.  " In June 2020, Defendants submitted a New Drug Application . . . to the U.S. Food and Drug Administration ('FDA') for Ardelyx's lead product candidate, tenapanor, a supposedly first-in-class medicine for the control of serum phosphorus in adult patients with CKD on dialysis." Strezsak Compl. ¶ 3; Siegel Compl.

---

[1] Mark Allen was the only movant who did not request to consolidate the cases. *See Strezsak*, Dkt. No. 37.
[2] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted.  *See* Civil L.R. 7-1(b).

2

¶ 3. Defendants allegedly made materially false or misleading statements regarding tenapanor and the likelihood that it would be approved by the FDA. Strezsak Compl. ¶ 9; Siegel Compl. ¶ 9. Plaintiffs allege that Defendants "knew (or had reason to know) that the data submitted to support the NDA was insufficient in that it showed a lack of clinical relevance of the drug's treatment effect, making it foreseeably likely (if not certain) that the FDA would not approve the drug." Strezsak Compl. ¶ 9; Siegel Compl. ¶ 9. Plaintiffs allege that after it came to light that the FDA had found deficiencies in the size and clinical relevance of the drug's treatment effect, the share price "plunged," falling 74% in a single day. Strezsak Compl. ¶ 8; Siegel Compl. ¶ 8.

## II. CONSOLIDATION

Under Federal Rule of Civil Procedure 42(a), a court may consolidate actions if they "involve a common question of law or fact." The district court enjoys "broad discretion under this rule to consolidate cases pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989); *see also Snyder v. Nationstar Mortg. LLC*, No. 15-cv-03049-JSC, 2016 WL 3519181, at *2 (N.D. Cal. June 28, 2016) (same). In exercising this "broad discretion," the district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir.), *on reh'g*, 753 F.2d 1081 (9th Cir. 1984).

The Court finds that the two above-captioned cases involve common questions of law and fact. The two cases allege the same violations of the federal securities laws against the same Defendants on behalf of the same classes. Due to the similarities between the cases, discovery obtained in one lawsuit will undoubtedly be relevant to the other, and common questions of law and fact will predominate. Moreover, the Court does not anticipate that consolidation would cause significant inconvenience, delay, or additional expense.

Accordingly, the Court **GRANTS** Jatin Malhotra's motion to consolidate the cases.

## III. APPOINTMENT OF LEAD PLAINTIFF

The Private Securities Litigation Reform Act ("PSLRA") "instructs district courts to select as lead plaintiff the one 'most capable of adequately representing the interests of class members.'" *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)).

1  "The 'most capable' plaintiff—and hence the lead plaintiff—is the one who has the greatest
2  financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *Id.*
3  The Ninth Circuit interprets the PSLRA as establishing "a simple three-step process for
4  identifying the lead plaintiff pursuant to these criteria." *Id.*

### A. Step One

Step One consists of meeting the PSLRA's notice requirement. *Id.* "The first plaintiff to file an action covered by the [PSLRA] must post this notice 'in a widely circulated national business-oriented publication or wire service.'" *Id.* (quoting 15 U.S.C. § 78u-4(a)(3)(A)(i)). The notice must be published within 20 days of the complaint's filing. 15 U.S.C. § 78u-4(a)(3)(A)(i). The notice must also alert putative class members "(I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *Id.*

Here, notice was published in *Business Wire* on the same day that the complaint was filed. *Strezsak*, Dkt. No. 45 ("Jasnoch Decl."). *Business Wire* is a "widely circulated national business-oriented news reporting service." *See Cavanaugh*, 306 F.3d at 729 (quoting 15 U.S.C. § 78u-4(a)(3)(A)(i)); *see also Bennett v. H&R Block Financial Advisors, Inc.*, No. C 04-4848 MHP, 2005 WL 8178041, at *2 (N.D. Cal. March 1, 2005) (finding publication in *Business Wire* satisfied the notification requirement). Finally, the notice announced the filing of this class action, described the asserted claims, specified the putative class period, and explained that any motion to be appointed lead plaintiff had to be filed by September 28, 2021. *See* Jasnoch Decl., Ex. A.

For these reasons, the Court finds that Step One's requirements are met.

### B. Step Two

Step Two consists of identifying the presumptive lead plaintiff. *See Cavanaugh*, 306 F.3d at 729–30. There is a rebuttable presumption that the "most adequate plaintiff" is the one who "(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i); (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil

1  Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Thus, once the filing requirement of subsection

2  (a)(3)(B)(iii)(I)(aa) is met, "the district court must compare the financial stakes of the various

3  plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d

4  at 730. The district court "must then focus its attention on *that* plaintiff and determine, based on

5  the information he has provided in his pleadings and declarations, whether he satisfies the

6  requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* If so, then that

7  party is the presumptive lead plaintiff. *Id.*

8  Here, Jatin Malhotra timely filed his motion to be appointed lead plaintiff on September

9  28, 2021, satisfying subsection (a)(3)(B)(iii)(I)(aa). Moreover, he suffered alleged losses totaling

10  $877,458 as a result of his transactions in Ardelyx during the Class Period. Jasnoch Decl., Ex. D.

11  This alleged loss is greater than the $728,115 loss alleged by Peifa Xu, *Strezsak*, Dkt. No. 40, and

12  the loss alleged by Miami Pension Fund, *Strezsak*, Dkt. No. 33-1. Both Peifa Xu and the Miami

13  Pension Fund acknowledge that they did not suffer the greatest losses. *Strezsak*, Dkt. Nos. 52, 55.

14  Jatin Malhotra's alleged loss is also greater than the losses suffered by those parties who withdrew

15  their motions. *See Strezsak*, Dkt. Nos. 16 (Bryant Brothers alleging losses of $207,863), 23

16  (Pontiac Pension Fund alleging losses of $115,699), 37 (Mark Allen alleging losses of $374,876);

17  *Siegel*, Dkt. No. 29 (Bryant Brothers alleging losses of $207,863). Since Jatin Malhotra's motion

18  is unopposed and no other class members besides those just described filed motions, no one claims

19  to have suffered greater losses than Jatin Malhotra. Jatin Malhotra thus has "the most to gain from

20  the lawsuit." *See Cavanaugh*, 306 F.3d at 730.

21  In addition, Jatin Malhotra's motion represents that no antagonism exists between

22  Malhotra's interests and those of other class members. *Strezsak*, Dkt. No 43 at 7. And given that

23  the motion is unopposed, the court has no reason to doubt this representation. *See Ziolkowski v.*

24  *Netflix, Inc.*, No. 17-cv-01070-HSG, 2017 WL 2572583, at *3 (N.D. Cal. June 14, 2017) (finding

25  the typicality requirement satisfied where an unopposed movant represented that there was "no

26  evidence of antagonism between his interests and those of the proposed class"). The Court also

27  finds that "adequacy" is satisfied because Jatin Malhotra "will fairly and adequately protect the

28  interests of the class." *See* Fed. R. Civ. P. 23(a)(4). Like the lead plaintiff appointed in

*Ziolkowski*, Jatin Malhotra's "substantial financial stake in the outcome of this litigation, [his] timely filing of [his] motion, and the quality of [his] briefing all demonstrate that [he] is both motivated to, and capable of, vigorously pursuing this litigation." *See* 2017 WL 2572583, at *3 (quoting *Bodri v. GoPro, Inc.*, Case No. 16-cv-00232-JST, 2016 WL 1718217 (N.D. Cal. Apr. 28, 2016)).

Consequently, the Court finds that Step Two's requirements are met.

### C.     Step Three

Step Three consists of "giv[ing] other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730. Jatin Malhotra's motion is unopposed. Since his presumptive lead plaintiff status is not rebutted, Step Three's requirements are met, and Jatin Malhotra's appointment as lead plaintiff is appropriate.

## IV.    APPOINTMENT OF LEAD COUNSEL

Jatin Malhotra seeks approval of his selection of Scott+Scott as lead counsel. *Strezsak*, Dkt. No 43 at 8; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). The Court defers to Jatin Malhotra's choice of lead counsel because his choice is not "so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on [his] willingness or ability to perform the functions of lead plaintiff." *See Cavanaugh*, 306 F.3d at 733; *see also id.* at 739 n.11 (noting that "Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class"). And Scott+Scott has extensive experience as counsel in securities class actions. *See* Jasnoch Decl., Ex. E (Scott+Scott firm biography). Approval of Jatin Malhotra's selection of counsel is therefore merited.

## V.     CONCLUSION

The Court **GRANTS** Jatin Malhotra's motion. *See Strezsak*, Dkt. No 43. All pending, unwithdrawn motions are **DENIED**. *See Strezsak*, Dkt. Nos. 32, 40. Jatin Malhotra is appointed as lead plaintiff for the putative class. Scott+Scott is further approved as lead counsel for the putative class.

1   The case captioned *Strezsak v. Ardelyx Inc. et al*, Case No. 21-cv-05868-HSG, is hereby
2   consolidated with *Siegel v. Ardelyx, Inc. et al*, Case No. 21-cv-06228-HSG.  The earlier filed civil
3   action, Case No. 21-cv-05868-HSG, shall serve as the lead case.  The clerk is directed to
4   administratively close the later-filed civil action, Case No. 21-cv-06228-HSG.  All future filings
5   should be done in the lead case only and should be captioned "*In re Ardelyx, Inc.*".
6   Within ten days of this order the parties shall meet and confer and submit a stipulation and
7   proposed order setting a schedule for the filing of a consolidated or amended complaint and the
8   filing of the Defendants' responses.

9   **IT IS SO ORDERED.**

10  Dated: 7/19/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge