UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Ardelyx, Inc. | Case No. 21-cv-05868-HSG<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 85 |

Before the Court is Plaintiff's motion for leave to file a second amended complaint. Dkt. No. 85. Plaintiff seeks to add allegations based on materials released by the Food and Drug Administration related to a meeting with Defendants. *See id.* at 4.

Under Federal Rule of Procedure 15(a)(2), "leave to amend shall be freely granted 'when justice so requires.'" *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted). The five factors relevant to determining whether leave to amend should be granted are (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Wash. State Republican Party v. Wash. State Grange*, 676 F.3d 784, 797 (9th Cir. 2012) (same factors). The Court weighs prejudice to the opposing party most heavily. *Eminence Capital*, 316 F.3d at 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

Having considered the parties' arguments, the Court finds that Defendants have failed to demonstrate prejudice or make a strong showing as to any of the other *Foman* factors, such that the presumption in favor of granting leave to amend controls. Defendant's detailed arguments regarding futility are better suited to resolution on a motion to dismiss and do not persuade the Court that leave should be denied.[1]

The Court thus **GRANTS** Plaintiff's motion. Dkt. No. 85. The second amended complaint must be filed by April 14, 2023. The parties are **DIRECTED** to meet and confer and submit by April 14 a stipulation and proposed order setting a briefing schedule and proposed hearing date for any renewed motion to dismiss. The Court **TERMINATES AS MOOT** the motion to dismiss at Dkt. No. 83.

**IT IS SO ORDERED.**

Dated: 4/6/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Defendants ask the Court to take judicial notice of numerous exhibits in support of its opposition to Plaintiff's motion for leave to file a second amended complaint. *See* Dkt. No. 89 at 9 n.2. The Court does not find these documents necessary to analyze whether leave should be granted and accordingly denies the request.